UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

MICHELLE GREER PHILP,                    Case No.:

        Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

A Foreign Corporation,

        Defendant.

## COMPLAINT

The Plaintiff, Michelle Greer-Philp, by and through undersigned counsel, hereby files this Complaint against AETNA LIFE INSURANCE COMPANY ("AETNA") and alleges:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et seq.*, specifically §1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

4. At all times material hereto, Plaintiff was covered under a policy of long-

term disability insurance and a policy of life insurance providing for waiver of premium due to disability underwritten by Defendant AETNA.

5.   Defendant AETNA is a foreign corporation conducting insurance business in Lee County, Florida.

6.   At all times material hereto, Plaintiff was covered under an employee welfare benefit plan sponsored by her employer, which provided long-term disability insurance benefits through a policy of insurance underwritten by AETNA and administered by the Defendant HARTFORD as well as other valuable benefits. A copy of the long-term disability policy is attached hereto as Exhibit "A."

7.   The plan is an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1) and the policy of insurance which funds these benefits is both underwritten and administered by AETNA, which was a fiduciary of the employee benefits plan established by Plaintiff's employer and which may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

8.   Defendant's notice of denial failed to comply with 29 C.F.R. 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

9.   Defendant's plan documents fail to comply with 29 C.F.R. 2560.503-1 as well as the "full and fair review" provisions of ERISA.

10.   Defendant has failed to comply with its own internal rules, guidelines,

protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 C.F.R. 2560.503-1(j).

11. In addition, the Defendant has failed to comply with the provisions of 29 C.F.R. 2560.503-1(b), 29 C.F.R. 2560.503-1(f), 29 C.F.R. 2560.503-1(g), 29 C.F.R. 2560.503-1(h), and 29 C.F.R. 2560.503-1(I) in its administration of Plaintiff's claim.

12. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

13. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

**COUNT ONE**
**Action to Recover Plan Benefits**
**Pursuant to 29 U.S.C. §1132 (a)(1)(B)**
**Against AETNA**

14. Plaintiff religious and readers paragraphs 1 through 13 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

15. Plaintiff was and is "disabled," as the term was defined in the long-term disability insurance policy funded and administered by AETNA at all times material hereto.

16. Defendant AETNA has failed and refused to pay the Plaintiff sums due pursuant to the long-term disability insurance policy funded and administered by AETNA, at all times material hereto.

17. Defendant AETNA has also subjected the Plaintiff to an unreasonable claims process pursuant to 29 C.F.R. 2560.503-1 and has denied benefits under the terms of the plan.

18. Plaintiff is accordingly entitled to present evidence of disability under the *de novo* standard to this Honorable Court.

19. Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, the Plaintiff Michelle Greer-Philp prays for relief from Defendant AETNA LIFE INSURANCE COMPANY for benefits due pursuant to the contract of long-term disability insurance funded by insurance premiums paid to Defendant under the employee welfare benefit plan pursuant to 29 U.S.C. § 1132(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. § 1132 (g), and such other relief as the Court may deem appropriate.

## COUNT TWO
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against AETNA

20. Plaintiff religious and readers paragraphs 1 through 13 of this Complaint, incorporating the same by reference as if specifically restated therein.

21. Plaintiff is entitled to long-term disability benefits under the disability insurance policy which is the subject of this action.

22. Defendant AETNA has denied that Plaintiff is entitled to long-term disability insurance benefits under the disability insurance policy which is the subject of this action.

23. Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's rights to benefits subject to the terms of the contract for long-term disability insurance funded by insurance premiums paid to AETNA.

24. Defendant AETNA has subjected the Plaintiff to an unreasonable claims process pursuant to 29 C.F.R. § 2560.503-1.

25. Plaintiff is entitled to a declaration that long-term disability insurance benefits are payable under the disability insurance policy at issue, and is entitled to present evidence of disability to this effect under the *de novo* standard to this Honorable Court.

26. Plaintiff is entitled to attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff Michelle Greer-Philp prays for relief from Defendant

AETNA LIFE INSURANCE COMPANY for reinstatement of benefits pursuant to the long-term disability insurance policy underwritten by AETNA LIFE INSURANCE COMPANY pursuant to §1132 (a)(1)(B), together with any ancillary benefits to which she may be entitled as a result of the reinstatement of such benefits, plus interest, costs, attorney's fees as authorized by 29 U.S.C. §1132(g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ Wm S Coffman

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff